**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEALA ARCHER, | ) CASE NO. 4:25-CV-01002-CEH |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) CARMEN E. HENDERSON |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| | ) |
| Defendant, | ) |

Pending before the Court is the motion of Plaintiff Leala Archer ("Plaintiff") for the award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,500.00 to counsel for Plaintiff, Bryan Konoski. (ECF Doc. No. 16). Defendant Commissioner does not oppose the motion. (ECF Doc. No. 16-1). This Court hereby orders that: Plaintiff be awarded: $6,500.00 for attorney's fees, $0 in costs, and $0 in expenses pursuant to 28 U.S.C. § 2412(d).

While this Court ultimately awards Plaintiff her requested $6,500.00 in attorney's fees, the Court does not accept Plaintiff's calculation of the appropriate award. Counsel contends the appropriate Consumer Price Index (CPI) for this Court to apply is the index for New York and New Jersey as counsel maintains his practice there. However, based on Sixth Circuit precedent, this Court should apply the "local" rate charged by lawyers rather than counsel's "home" rate in determining an appropriate award. *See Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("The Sixth Circuit has resolved that, when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the

1

'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction …."). In this case, Plaintiff's counsel voluntarily agreed to practice in this Court, thus the correct application would be the Midwest CPI. *See Janda v. Comm'r of Soc. Sec.*, No. 1:12CV1250, 2014 WL 792160, at *3 (N.D. Ohio Feb. 25, 2014) (collecting cases). However, using the Midwest CPI to determine the hourly rate and based upon the hours expended by counsel, the Court still calculates a total award over Plaintiff's requested $6,500.00 such that the reduced amount requested is reasonable.[1] Thus, this Court grants Plaintiff's requested attorney fees award.

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the United States Supreme Court held that EAJA fees payable to the Plaintiff are subject to setoff if the plaintiff has outstanding federal debts. That Court also implicitly recognized that the payment could be made directly to a plaintiff's attorney only in cases where the plaintiff both owes no debt to the government and has assigned any right to EAJA fees to the attorney. The Court orders the Commissioner to determine within 30 days of the date of this order whether Plaintiff owes a pre-existing debt to the government, to offset that debt (if any) against the award herein, and to thereafter directly pay the balance to Plaintiff, or to Plaintiff's attorney, in accordance with the provisions of any assignment Plaintiff has made with respect to EAJA fees.

---

[1] The average Midwest Urban CPI from April 2025 until September 2025 was 299.287. Dividing that number by 151.7, the CPI value for March 1996 when the $125 EAJA value was established, the cost-of-living increase is 1.9558 (299.287÷ 151.7 = 1.9729). Thus, multiplying the 1.9729 value by $125, the hourly rate is $246.61. *See* Consumer Price Index Midwest Summary April 2025, https://www.bls.gov/regions/midwest/cpi-summary/.  Based on an hourly rate of $246.61 and counsel's 23.6 hours of work, the fees for counsel's work total $5,820.03 Accounting for 9.2 hours of paralegal work at either a $120 hourly rate (the rate requested by Plaintiff) or a reduced $80 hourly rate (a rate other courts in this district have found reasonable) brings the total award over Plaintiff's requested $6,500.00 ($80 x 9.2 = 736 + 5,820.03 = $6,556.03).

**CONCLUSION**

For the reasons set forth herein, the Court grants Attorney's Fees under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,500.00 to counsel for Plaintiff, Bryan Konoski.

Dated: March 9, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE